MARIO MISCI *vs.* REVERE HOUSING AUTHORITY. April 6, 1971. This is an action of contract to recover $2,153 for legal services and expenses rendered to the defendant, Revere Housing Authority (Authority), by the plaintiff, an attorney. The judge found for the plaintiff. On report, the Appellate Division, in a well-reasoned opinion, vacated the finding and ordered a finding

[1] Henry S. Cote, an employee of Audet's, who had last parked the vehicle, is also a defendant.

to be entered for the defendant. The plaintiff contends that he should be allowed to recover either on the contract or in quantum meruit. The defendant invokes the conflict of interest clause in the Authority's contract with the Federal government, which prohibits the hiring of former members of the Authority during the twelve month period immediately following the termination of their membership. It is not disputed that the plaintiff was a former member of the Authority and that the services in question were rendered during the twelve month period. We are of opinion that public policy favors strict enforcement of this agreement, and that the plaintiff was therefore disqualified from accepting the employment contract in question. Nor can the plaintiff recover under quantum meruit. As an attorney he must be taken to have known the restrictions applicable to his employment. In rejecting a similar argument, it was said, "'The doctrine of implied contract cannot be invoked to do rough justice and fasten liability where the legal requirements specifically prohibit.' . . . [citing cases]." *Kelly* v. *Cohoes Housing Authy.* 27 App. Div. 2d (N. Y.) 463, 465, affd. 23 N. Y. 2d 692. The plaintiff's argument that the judge's decision is not reviewable because the defendant's requests for rulings of law were either actually requests for findings of fact or were improper in form is not persuasive. Request no. 1, while not artistically drawn, sufficiently raises the issue discussed above. See *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 221. Moreover, since the Appellate Division reviewed this ruling, it is properly before us on appeal. *John T. Blackburn, Inc.* v. *Livermore,* 317 Mass. 20, 22.

*Order of Appellate Division affirmed.*

*George Broomfield* for the plaintiff.

*Roger Witkin,* for the defendant, submitted a brief.