## ELEANOR L. GUENARD vs. GEORGE G. BURKE.

Bristol.    September 16, 1982. — December 30, 1982.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Attorney at Law,* Compensation. *Public Policy. Contract,* Validity, Compensation of attorney. *Divorce and Separation,* Separation agreement. *Practice, Civil,* Jury trial, Summary judgment.

An attorney was entitled to a fair and reasonable fee for his services in connection with the modification of his client's separation agreement, even though a purported contingent fee agreement, executed by the client but never signed by the attorney, violated the rule of this court prohibiting such agreements "in respect of the procuring of a divorce." [806-808]

The amount of a fair and reasonable fee for an attorney's services was a factual issue for submission to a jury. [808-809]

While it was improper for an attorney to retain a client's funds in reliance on a purported contingent fee agreement which violated a rule of this court, the client's relief pursuant to G. L. c. 93A must await a jury's determination whether the amount retained exceeded the fair and reasonable fee to which the attorney was entitled. [809-810]

A former client's claim under G. L. c. 221, § 51, that her attorney unreasonably neglected to pay over to her certain funds collected on her behalf, to the extent these exceeded his reasonable fee, presented a jury issue. [810-811]

A former client's recovery under G. L. c. 221, § 5, of "five times the lawful interest" on money which the attorney unreasonably neglected to pay her was to be instead of, and not in addition to, any interest recoverable on her claim under G. L. c. 93A, § 9, for the same period of time. [810-811]

Summary judgment for the defendant should not have been allowed on a former client's claim for malpractice by an attorney, where the plaintiff's affidavit, denying her previous deposition testimony on the issues of fraud and duress, presented a genuine issue of material fact concerning the defendant's alleged negligence. [811-813]

CIVIL ACTION commenced in the Superior Court on June 19, 1978.

The defendant's motion to strike the plaintiff's claim for a jury trial as to counts one and two of the complaint was heard by *Silva,* J., a District Court judge sitting under statutory authority. Counts one and two were tried before *Taveira,* J., and a motion for summary judgment on count three was heard by *Ponte,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Edward T. Troy* for the plaintiff.

*John P. Ryan & Jeffrey C. LaPointe* for the defendant.

WILKINS, J. We are presented with a contest between an attorney and his former client. One aspect of the dispute concerns whether the attorney is entitled to any fee as a result of his representation of his client in connection with the modification of a separation agreement which she had entered into with her husband. We conclude that, in the circumstances, the attorney is entitled to receive the fair and reasonable value of his services, even though he purported to enter into an unlawful contingent fee agreement with his client, and that the determination of the amount of his fee is a question that should have been submitted to a jury. Only after a determination of the amount of the attorney's reasonable fee will it be possible to determine whether the former client is entitled to multiple damages for the attorney's failure to pay over funds he received from his client's former husband. A further aspect of the dispute involves the former client's claim of malpractice against the attorney in which she asserts that the attorney was negligent in his representation of her in connection with the modification of the separation agreement. This issue was decided against the client on the attorney's motion for summary judgment. We reverse the judgments.

The issues for our decision arise in the following circumstances. On June 24, 1974, a decree nisi (now called a judgment nisi) was entered in favor of Raymond O. Guenard in his divorce action against the plaintiff. The plaintiff was then represented by counsel other than the defendant. On the same day, the parties executed a separation agreement,

which was not incorporated in the decree. The husband agreed to pay the plaintiff $195 a week until her death, her remarriage, or his death. The husband also agreed to pay the plaintiff the greater of $30,000 or one half of the net equity on the sale of certain real estate.

In October or November, 1974, the plaintiff, dissatisfied with the settlement, consulted the defendant attorney. On December 6, 1974, shortly before the decree of divorce would have become absolute, the defendant filed a petition on the wife's behalf in the Probate Court for the county of Norfolk challenging the decree nisi on the ground that it was obtained by fraud, unilateral mistake, and coercion. Counsel for her husband took the plaintiff's deposition in which she stated that she had signed the original agreement voluntarily and that she had not been coerced or threatened into accepting the settlement. In May, 1975, the plaintiff paid a retainer of $1,075 to the defendant. On June 12, 1975, the plaintiff executed a purported contingent fee agreement in which she agreed to pay the defendant "one-third of any recovery received on my behalf relative to the divorce action commenced" against her or received by her relative to her objections to the divorce. The defendant did not sign the purported agreement.

After negotiations, in August, 1975, the husband and wife executed an amendment to the separation agreement. It provided for the immediate payment of an additional $30,000 to the plaintiff and for the continuance of the husband's weekly alimony obligations after his death. The plaintiff withdrew her objections and a decree absolute of divorce was entered. In September, 1975, the defendant sent the plaintiff a check in the amount of $20,000, "representing the net amount due you after the deduction of my one-third legal fee." The defendant did not attempt to base his fee also on the value to the plaintiff of her right to receive alimony if she should survive her husband and remain unmarried.

The plaintiff, once again dissatisfied, consulted her present counsel concerning her rights. In April, 1978, the plain-

tiff made a demand under G. L. c. 93A for the payment of the $10,000 received by the defendant and for an "[i]temization of fee charged" against the retainer. In the present action, commenced in June, 1978, the plaintiff challenges the defendant's right to receive any fee for his services on the ground that the contingent fee agreement violated that portion of S.J.C. Rule 3:14 (3), 351 Mass. 795 (1967), which prohibited a contingent fee agreement "in respect of the procuring of a divorce."[1] The plaintiff also alleged that the contingent fee agreement was unlawful under G. L. c. 93A, § 2, and that she was entitled to relief under G. L. c. 93A, § 9. The plaintiff asserted, under counts one and two, a claim for multiple interest on the withheld funds, relying on G. L. c. 221, § 51. The defendant counterclaimed for an additional $4,000 in legal fees. Subsequently, the plaintiff amended her complaint to add a third count alleging that the defendant negligently represented her in connection with the modification of the separation agreement.

The defendant moved to strike the plaintiff's claim of a jury trial on the first and second counts of her complaint. A judge allowed that motion. These two counts went to trial before a different judge without a jury and resulted in a judgment for the defendant on both counts.[2] The judge concluded that the purported contingent fee agreement violated S.J.C. Rule 3:14, that the defendant was entitled to a fee based on the fair value of his services even if he had violated S.J.C. Rule 3:14, and that the amount ($11,075) the defendant had already received was reasonable to compensate him for his services and expenses. He concluded that the plaintiff was not entitled to recover under G. L. c. 93A. The plaintiff appeals from the judgment for the defendant on counts one and two of the complaint.[3] We

---

[1] This rule now appears as S.J.C. Rule 3:05, as appearing in 382 Mass. 762 (1981).

[2] The defendant stipulated that he would not press his counterclaim if he were successful on the first two counts of the complaint.

[3] We leave to later a presentation of the circumstances relating to the propriety of the entry of summary judgment for the defendant on count three, the malpractice claim.

granted the plaintiff's application for direct appellate review.

1. The trial judge correctly concluded that the defendant's violation of S.J.C. Rule 3:14 did not bar him from receiving any fee for his services.[4] He was also correct in concluding that the defendant was entitled to a fee based on the fair value of his services.

The defendant does not now rely on the contingent fee agreement to support his claim for a fee but rather argues that he was entitled to a fair and reasonable fee. We have held that an attorney is not barred from recovering the fair value of his services simply because a client failed to sign a purported contingent fee agreement. *Young* v. *Southgate Dev. Corp.*, 379 Mass. 523, 525-526 (1980). Where the client has signed such an agreement, but the attorney has not, there is even less reason to deny the attorney the right to receive a reasonable fee. Rule 3:14 was adopted to protect the interests of clients and the public, not as a trap to deny an attorney a reasonable fee whenever a purported contingent fee agreement is unenforceable.

A more substantial question arises from the plaintiff's claim that the contingent fee agreement violated the prohibition against contingent fee agreements "in respect of the procuring of a divorce." Such a prohibition is the majority rule in this country. See *McInerney* v. *Massasoit Greyhound Ass'n*, 359 Mass. 339, 350 (1971); Annot., 93 A.L.R.3d 523, 526 (1979). The prohibition is designed primarily to encourage reconciliation by removing any incentive to the attorney to press forward with the divorce and, secondarily, to assure that the court will be able to make a fully informed equitable property settlement. *McInerney* v. *Massassoit Greyhound Ass'n, supra* at 350-351.

_____

[4] This rule (see now S.J.C. Rule 3:05, as appearing in 382 Mass. 762 [1981]) authorized written contingent fee agreements as to the attorney's fees in certain instances. Each copy of the agreement "shall be signed both by the attorney and by each client." S.J.C. Rule 3:14 (4), 351 Mass. 795 (1967). "No contingent fee agreement shall be made . . . (b) in respect of the procuring of a divorce, annulment of marriage or legal separation." S.J.C. Rule 3:14 (3).

We agree with the trial judge that a contingent fee agreement entered into prior to the entry of a decree, or judgment, absolute is an agreement "in respect of the procuring of a divorce" and is forbidden by S.J.C. Rule 3:14 (3) (now S.J.C. Rule 3:05 [3]). The rule applies to both parties to a divorce action, not only to the party seeking the divorce. The rule does not depend on the client's financial ability to obtain representation without such an agreement. The better course is to apply the rule literally and not to open up consideration of the facts of a particular case to see whether the purposes of the rule have or have not been thwarted by a literal violation of the rule. If the rule sweeps too broadly in its application, the appropriate solution is to amend the rule, not to modify it by judicial interpretation. Because the defendant did not sign a copy of the purported contingent fee agreement, it was not, in any event, a valid agreement, even if the agreement had not been "in respect of the procuring of a divorce."

When, however, we come to the issue whether the defendant is entitled to a fair and reasonable fee despite the violation of rule 3:14 (3), the nature of the violation and its degree of seriousness are relevant. Here, a decree nisi had already been entered when the plaintiff retained the defendant. The dispute was over a property settlement, not the divorce as such. There is nothing in the record to show that either party to the divorce action had the slightest interest in reconciliation. Thus, on the facts, the purpose of rule 3:14 to eliminate any inducement to counsel to proceed with the divorce rather than to seek reconciliation was not thwarted. On the other hand, the further purpose of the rule to have an informed judicial approval of any property settlement may have been thwarted. The record does not show whether the Probate Court judge who approved the amended agreement knew of the fee arrangement between the plaintiff and the defendant.

We see no reasonable basis for denying the defendant a fair and reasonable fee in these circumstances. We are not dealing here with a violation of a prohibition against repre-

sentation of a client. See *Misci* v. *Revere Hous. Auth.*, 359
Mass. 743, 744 (1971); *Collins* v. *Godfrey*, 324 Mass. 574,
581 (1949). The recovery of the fair value of the defend-
ant's services is warranted under the principles announced
in *Town Planning & Eng'g Assocs.* v. *Amesbury Specialty
Co.*, 369 Mass. 737, 745 (1976). For opinions generally
allowing, but some denying, recovery in quantum meruit in
similar situations, see Annot., 100 A.L.R.2d 1378, 1390-
1391 (1965). To allow recovery of the fair value of the de-
fendant's legal services would not defeat the purposes of the
prohibition in rule 3:14. Denying enforcement of the con-
tingent fee agreement achieves that object. Representation
of the client was not illegal; only the contingent fee agree-
ment was. The loss to the defendant of a reasonable fee and
the windfall to the plaintiff in being relieved of the obliga-
tion to pay any attorney's fee for the defendant's proper
services indicate that denial of a fair fee would be unreason-
able in the circumstances. *Town Planning & Eng'g Assocs.*
v. *Amesbury Specialty Co.*, *supra* at 746.

2. Although we reject the plaintiff's argument that,
because of the violation of rule 3:14, she was entitled to
recover amounts the defendant received for representing
her, we do agree with the plaintiff that the amount of the
defendant's fee was a jury question. The motion judge
erred in allowing the defendant's motion to strike the plain-
tiff's claim for a jury trial as to count one. The question of
what was fair and reasonable compensation for the services
rendered is a question of fact (see *Cummings* v. *National
Shawmut Bank*, 284 Mass. 563, 568 [1933]), and, when a
jury claim is seasonably made, as it was here, the factual
issue should be submitted to a jury. In support of the denial
of a jury trial on the issue of the reasonable fee to which he
was entitled, the defendant relies on that portion of S.J.C.
Rule 3:14 (6), 351 Mass. 795 (1967), which stated that
"[t]he reasonableness of a contingent fee agreement shall be
subject to review by a court of competent jurisdiction . . . ."
The word "court," however, includes a court consisting of a
judge and jury, where appropriate. *Cameron* v. *Sullivan*,

372 Mass. 128, 132 n.3 (1977). Rule 3:14 did not purport to deny the plaintiff a jury trial, and rightly so, because a court rule cannot deny a person his or her right to a jury trial.[5]

3. We come then to the plaintiff's claim under G. L. c. 93A. She argues that the use of a purported contingent fee agreement was an unlawful act or practice because, in the words of G. L. c. 93A, § 2 (a), inserted by St. 1967, c. 813, § 1, the defendant engaged in "unfair or deceptive acts or practices in the conduct of any trade or commerce." Even if we assume that the defendant's conduct in attempting to obtain a contingent fee agreement was "unfair or deceptive," the plaintiff sustained no "loss of money or property" as a result of the agreement itself. See G. L. c. 93A, § 9 (1), as amended through St. 1971, c. 241.[6] The agreement is unenforceable, and the plaintiff sustained no injury solely from its existence.

The plaintiff argues further that the defendant's reliance on the unenforceable agreement to retain one third of the $30,000 additional payment that he negotiated is itself unlawful under G. L. c. 93A, § 2. We conclude that because the purported contingent fee agreement was unenforceable, his reliance on that agreement to justify the amount of his fee was improper. The defendant's reliance on an agreement made in violation of S.J.C. Rule 3:14 in these circumstances was, as a matter of law, an unfair or deceptive act or practice.

---

[5] The defendant is not aided by the fact that rule 3:14 (6) stated that "[t]he reasonableness of a contingent fee agreement shall be subject to review by a court of competent jurisdiction *prior to the expiration of one year following* the making of the agreement or one year following the date of last rendition of services" (emphasis supplied). Here, the agreement is invalid and a nullity. Its reasonableness is not in dispute. Rule 3:14 says nothing about actions seeking a fair and reasonable fee. We need not decide whether, if a contingent fee agreement is properly executed in circumstances authorized by the rule, a client may challenge the reasonableness of the fee after the time limits of the rule have expired.

[6] See now G. L. c. 93A, § 9 (1), as appearing in St. 1979, c. 406, § 1 (eliminating the reference to damages on the basis of a loss of "money or property" and substituting the words "who has been injured").

We cannot tell at this time, however, whether the plaintiff sustained a loss of money or property as a result of the defendant's reliance on the contingent fee agreement. If the jury should find the defendant's reasonable fee (and expenses) equalled or exceeded the $11,075 that he has retained, the plaintiff will have sustained no loss of money or property because of the G. L. c. 93A violation. If, on the other hand, the reasonable fee awarded to the defendant is less than $11,075, the plaintiff will have been denied the use of the difference between $11,075 and the fee awarded to the defendant. Although, in such a situation, the plaintiff would be entitled, quite apart from G. L. c. 93A, to interest on the amount of any excess retained by the defendant, there will be a question for the court to decide concerning a doubling or trebling of the damages (G. L. c. 93A, § 9 [3]) and the award of reasonable attorney's fees and costs (G. L. c. 93A, § 9 [4]).[7] Thus the matter of relief under G. L. c. 93A must await the verdict under count one.

4. The matter of the plaintiff's right to interest (and to multiple damages under G. L. c. 93A for the loss of use of her money) is complicated by her claim, under both counts one and two, for interest pursuant to G. L. c. 221, § 51. Section 51 provides that an attorney "who unreasonably neglects to pay over money collected by him for and in behalf of a client, when demanded by the client, shall forfeit to such client five times the lawful interest of the money from the time of the demand." This claim is one for a jury and not for a judge alone, assuming that there is evidence

---

[7] We construe the plaintiff's written demand for relief (G. L. c. 93A, § 9 [3]) as sufficient to challenge the defendant's retention of the fee in reliance on S.J.C. Rule 3:14. The defendant made no written tender of settlement. Thus, under G. L. c. 93A, § 9 (3), the plaintiff would be entitled to between double and triple damages if the court should find that the unlawful act "was a willful or knowing violation [of § 2] . . . or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated [§ 2]."

that the attorney acted unreasonably.[8]  An attorney who acted in good faith where there was an honest controversy between the parties would not be liable for an interest penalty under § 51. *Zuckernik* v. *Jordan Marsh Co.,* 290 Mass. 151, 156 (1935).

If the jury determine that the defendant's reasonable fee was less than the $11,075 he retained, the jury must then determine whether the attorney unreasonably neglected to pay the plaintiff the amount in excess of his reasonable fee. This factual question can be submitted to the jury in the form of a special question. Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974). If the jury should decide that the defendant did act unreasonably, he will be liable under § 51 for interest at five times the lawful rate. This amount will exceed any damages possibly recoverable under G. L. c. 93A, § 9, for the same period of time, except, of course, for an allowance of reasonable attorney's fees and costs. If any violation of G. L. c. 93A and G. L. c. 221, § 51, is for the same wrong (the wrongful withholding), cumulative damages should not be awarded. If there is an overlapping of damages, the damages allowed should reflect the greater statutory award provided in § 51. See *McGrath* v. *Mishara,* 386 Mass. 74, 85 (1982).[9]

5. We come finally to the plaintiff's appeal from the allowance of summary judgment for the defendant on count three, the malpractice claim. The summary judgment

---

[8] The motion judge's allowance of the defendant's motion to strike the plaintiff's jury claim was wrong as applied to the plaintiff's claim under G. L. c. 221, § 51. The plaintiff makes no cognizable argument in her brief that she was entitled to a jury trial on her G. L. c. 93A claim.

[9] Damages, assuming there are any, will not be overlapping in all respects. In retaining $10,000 of the $30,000 additionally paid by the plaintiff's former husband, the defendant initially relied on the unenforceable contingent fee agreement. As we have said, that reliance was unlawful under G. L. c. 93A, § 2, as a matter of law. Thus, any damages under G. L. c. 93A run from the date the defendant retained the $10,000. As of the date of the plaintiff's demand for the return of the $10,000, assuming there is a G. L. c. 221, § 51, violation, damages payable under § 51 and G. L. c. 93A would be cumulative and § 51 damages would supersede any G. L. c. 93A damages.

judge, appropriately at the time, relied on findings made by the trial judge in the earlier trial of counts one and two. Those findings, however, have no continuing validity because, as we have just held, the plaintiff was entitled to a jury trial on count one and on her claim for multiple interest on any funds allegedly withheld unreasonably.

We must assess the propriety of summary judgment for the defendant on the basis of other material appropriately before the summary judgment judge. Based on affidavits of the parties and portions of a deposition of the plaintiff that were submitted to the judge, there is a genuine issue of material fact concerning the defendant's alleged negligence in his representation of the plaintiff.

The defendant, however, argues that there is no genuine issue of material fact with regard to the plaintiff's chances of overturning the original separation agreement on the basis of fraud or coercion. In other words, without conceding his negligence, the defendant argues that the plaintiff sustained no loss because there was no basis for achieving a favorable result in the attempt to set aside the separation agreement. He points to testimony of the plaintiff on deposition in which she admitted that there was no duress or coercion by her husband. However, by affidavit, the plaintiff denies that she admitted at any time that there was no fraud or duress in the execution of the original separation agreement. A deposition and a contrary affidavit must both be considered in passing on a motion for summary judgment. See *Kennett-Murray Corp.* v. *Bone,* 622 F.2d 887, 893-894 (5th Cir. 1980); *Camerlin* v. *New York Cent. R.,* 199 F.2d 698, 701 (1st Cir. 1952); 6 Moore's Federal Practice par. 56.22[1], at 1325-1326 (2d ed. 1982); 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2738, at 686 (1973). The admission in the plaintiff's deposition is, therefore, not binding on her. See *McMahon* v. *M & D Builders, Inc.,* 360 Mass. 54, 61 (1971); *Junkins* v. *Slender Woman, Inc.,* 7 Mass. App. Ct. 878 (1979).

Although we recognize that there may be instances in which an affidavit denying deposition testimony may not

fairly raise a genuine issue of material fact (see *Perma Research & Dev. Co.* v. *Singer Co.*, 410 F.2d 572, 578 [2d Cir. 1969]), we are reluctant to hold the plaintiff to conclusions of law stated in her deposition. We know that, despite the defendant's claim that the plaintiff's cause was hopeless, the plaintiff did receive additional financial benefits from the renegotiation of the separation agreement. Assuming, without deciding, that the defendant was negligent in his investigation of the husband's assets, we cannot say, on the facts presented on the motion for summary judgment, that his negligence did not result in a less satisfactory result for the plaintiff than she would have obtained if there had been no negligence. Although, from what has been shown to us, we are skeptical of the merits of the plaintiff's claim, particularly in light of the admissions in her deposition and the now nugatory findings made by the trial judge, there was a genuine issue of material fact to be tried under count three.

6. The judgments for the defendant are reversed. The order denying the plaintiff a jury trial on count one and on her claim for multiple interest on funds allegedly withheld unreasonably is vacated to that extent. The action is remanded for a jury trial on those issues and on count three. The plaintiff's rights under G. L. c. 93A depend on the results of the jury trial.

*So ordered.*