Feeley, Timothy Q., J.
BACKGROUND
Plaintiff McLane, Graf, Raulerson, & Middleton, P.C. (“McLane Graf j is in the business of providing legal services to clients. One such client was Jennifer Elliot (“Elliot”), who McLane Graf represented in a contested divorce matter before the Essex County Probate and Family Court. [ESI ID- 1305-DR.] McLane Graf and Elliot entered into a written hourly fee agreement (the “agreement”) on September 15, 2011. Defendants James Grady and Diane Grady (collectively, the “Gradys”) are Elliot’s parents and they undertook to pay Elliot’s legal fees in connection with her divorce proceeding, and signed the agreement as guarantors. The Gradys paid some portion of Elliot’s legal bills, claimed to be approximately $55,000, but have not paid the remaining $100,000 (approximate) of outstanding legal invoices. The complaint in this action seeks to recover from the Gradys the amount of $102,670.09 which it alleges remains due and owing from the Gradys. The complaint alleges only two counts: separate breach of contract claims against each of the Gradys.
The Gradys filed an answer and counterclaims. [D. 10.] In their counterclaims, they admit that the agreement is a contract by which McLane Graf agreed to represent Elliot in her pending divorce in exchange for the Gradys’ agreement to assume responsibility as guarantors for reasonable and customary legal fees. However, they further allege that the fees charged by McLane Graf are out of all proportion to customary and usual charges in a divorce action of the nature of their daughter’s, and are manifestly unconscionable and replete with duplication, waste, and over-billing. The Gradys assert the following counterclaims against McLane Graf: (1) breach of contract; (2) breach of fiduciary duty; (3) Chapter 93A unfair and deceptive acts; and (4) unjust enrichment.
Now before the court is McLane Grafs motion to dismiss the Gradys’ counterclaims. [D. 13.] A non-evidentiary hearing was held on March 20, 2014. For reasons discussed below, the motion to dismiss is ALLOWED IN PART and DENIED IN PART.
DISCUSSION
In considering a motion to dismiss, “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977). The Supreme Judicial Court has restated the motion to dismiss standard by adopting the reformulated standard adopted by the United States Supreme Court. In Iannacchino v. Ford Motor Company, 451 Mass. 623, 636 (2008), quoting liberally from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Judicial Court stated:
“While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his ‘entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level. .. [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” What is required at the pleading stage are factual “allegations plausibly suggesting (not merely consistent with)” an entitlement to relief, in order to “reflect! ] the threshold requirement of [Fed.R.Civ.P.] 8(a)(2) that the ‘plain *74 statement’ possess enough heft to ‘sho[w] that the pleader is entitled to relief.’ ”
See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (“A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged”). ‘Threadbare recitals of the legal elements, supported by mere conclusoiy statements, do not suffice to state a cause of action.” Id. It is worth noting that Iannacchino “retired” the previous standard used in Massachusetts to determine the legal sufficiency of claims challenged under Mass.R.Civ.P. 12(b)(6), which was the same federal standard overruled in Twombly. The earlier standard was: “In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nader, 372 Mass. at 98. The current Iannacchino standard is more stringent than the earlier, now retired, Nader/ Conley standard.
In considering a motion to dismiss, the court is bound by the four corners of the complaint, in this case, the four comers of the counterclaims, but a “copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” Mass.R.Civ.P. 10(c). Here, exhibits are attached to the Gradys’ counterclaims, and are before the court for purposes of MeLane Grafs motion to dismiss.
1.Breach of Contract
The Gradys’ breach of contract claim against MeLane may not add much to this litigation that could not also be raised by the Gradys in their defense to MeLane Grafs breach of contract claims, but it passes muster under Iannacchino and will not be dismissed.
2.Breach of Fiduciary Duly
The Gradys’ breach of fiduciary duly claim fails to state a claim upon which relief can be granted. Mclane Graf owed their client, Elliot, fiduciary duties in their representation of her in the divorce proceeding. The firm owed no such duties to the Gradys, as no attorney-client relationship existed between the law firm and the Gradys. A contractual relationship existed between the parties, but a fiduciary relationship did not.
3.Chapter 93A
Section 2(a) of G.L.c. 93A provides in full: “(u)nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” Section 9(1) of G.L.c. 93A, provides, in pertinent part, a private right of action as follows: “(a]ny person, other than a person entitled to bring action under section eleven of this chapter, who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two . . . may bring an action in the superior court . . . whether by way of original complaint, counterclaim, cross claim or third pariy action, for damages . . .”
The Rules of Professional Conduct “provide standards of professional conduct of attorneys and do not in and of themselves create independent cause of action.” Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 141 (1996); Fishman v. Brooks, 396 Mass. 643, 649 (1986). However, “(t)here is no doubt that the provisions of G.L.c. 93A apply to attorneys,” and that a violation of the Rules can constitute, as a matter of law, an unfair or deceptive act or practice made unlawful by c. 93A. Guenard v. Burke, 387 Mass. 802, 809 (1982); see also Sears, Roebuck & Co. v. Goldstone & Sudalter, 128 F.3d 10, 19 (1st Cir. 1997) (same). In setting fees, “lawyers are fiduciaries who owe their clients greater duties than are owed under the general law of contracts.” Garnick & Scudder, P.C. v. Dolinsky, 45 Mass.App.Ct. (1998) (quoting Beatty v. N.P. Corp., 31 Mass.App.Ct. 606, 612 (1991); see also Sears, Roebuck & Co., 128 F.3d at 15 (The attorney-client relationship is ‘highly fiduciary’ in Massachusetts”).
Rule 1.5 of the Massachusetts Rule of Professional Conduct is entitled “Fees.” Subsection (a) of Rule 1.5 provides in full:
A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. The factors to be considered in determining whether a fee is clearly excessive include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Whether or not Elliot might be able to state a Chapter 93A claim against MeLane Graf on allegations that the law firm charged an excessive fee, the court concludes that the Gradys do not have such a claim under Chapter 93A. Elliot’s claim, if she brought it, would be based on the fiduciary duties inherent in the attorney-client relationship. There is no such special *75 relationship between the parties in this action. Rather, the court agrees with McLane Graf that the Gradys’ breach of contract claim against the law firm, which survives this motion to dismiss, is a simple contract dispute about the value of the services claims to have been provided.
4. Unjust Enrichment
Unjust enrichment is the ‘retention of money or property of another against the fundamental principles of justice or equity in good conscience." Santagate v. Tower, 64 Mass.App.Ct. 423, 329 (2005). Unjust enrichment requires more than a benefit; the benefit must be unjust, which is dependent upon the reasonable expectations of the parties. The Community Builders, Inc. v. Indian Motorcycle Associates, Inc., 44 Mass.App.Ct. 537, 560 (1998). “[A] contracting party must look to payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay.” LaChance v. Rigoli, 325 Mass. 425, 427 (1950) (emphasis added). “In order that a plaintiff may establish a claim based upon unjust enrichment [the plaintiff must prove that] (1) a benefit [was] conferred upon the defendant by the plaintiff; (2) [there was] an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.” Ravanis v. Bliss, 2004 WL 2341496 at *8 (Mass.Super. 2004) (emphasis added).
The Gradys’ allegation that McLane Graf was paid more than the value of the legal services provided to Elliot does not state a claim for unjust enrichment. Payment of money for services provided is not the sort of benefit contemplated for claims of unjust enrichment. The cause of action works the other way, when services or some other non-monetary benefit are provided and are not paid for, and no enforceable contract exists. Whether the Gradys overpaid for legal services provided is a matter to be litigated in the breach of contract claims. That allegation, accepted as true for purposes of this motion to dismiss, simply does not state a cause of action for unjust enrichment. Essentially, the Gradys are attempting to put a square peg into a round hole. Unjust enrichment would be a better fit if McLane Graf was suing Elliot for legal services provided to her for which payment was not made. The claim does not work the other way in this case, with the Gradys suing McLane Graf.
ORDER
McLane Grafs motion to dismiss counterclaims [D. 13] is ALLOWED IN PART and DENIED IN PART. Judgment of dismissal shall enter on Counts II, III, and IV of the Gradys’ counterclaims.