EVELYN B. JUNKINS *vs.* SLENDER WOMAN, INC., & another. March 12, 1979. It was error to allow the individual defendant's motion for summary judgment in his favor, because the pleadings and the affidavits (one of which incorporated the contents of the plaintiff's deposition) filed in support of, and in opposition to, the motion indicated that there was a genuine issue of material fact to be resolved, namely, whether the individual defendant made, or collaborated with his brother in making, false representations to the plaintiff for the purpose, and with the effect, of inducing her to invest a substantial sum of money in worthless stock of the corporate defendant. The plaintiff is not bound by those portions of her deposition which may be read as a concession that the representations of the individual defendant played no part in her decision to make the investment. *McMahon* v. *M & D Builders, Inc.,* 360 Mass. 54, 61 (1971). For purposes of summary judgment it is sufficient that the plaintiff's later affidavit, if believed, indicated that the contrary is true. See *Rudnick* v. *Grossman,* 3 Mass. App. Ct. 719, 720 (1975). The conflict presents a question of credibility, which is not to be resolved by the judge on a motion for summary judgment. *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597, 603-604 (1936). 2. If we assume, without deciding, that it was not error to enter summary judgment for the corporate defendant when neither the plaintiff nor the corporate defendant had filed a motion for summary judgment, it was nevertheless error in this case because the pleadings and affidavits did not establish that the individual defend-

ant and his brother, both of whom were officers of the corporate defendant, were not acting in that capacity, and for its benefit, in persuading the plaintiff to purchase its stock.

*Judgment reversed.*

*Richard A. Rogalski* for the plaintiff.
*Marilyn Berner* for Edward Marandola.