**Leonard G. HEALY, Jr.[1]**
**vs.**
**Alfred T. DURHAM, et al[2]**

**No. 286**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**February 18, 1982**

---

1. When the action was brought, Leonard G. Healy, Jr. was the sole plaintiff. In their motion to dismiss or for summary judgment, defendants alleged that "(A) necessary party, Bonnie E. Healy, one of the Buyers and a party to the agreement, has not joined in this action." Later, the defendants assented to plaintiff's motion to add Bonnie E. Healy as a party plaintiff, which motion was allowed.
2. The other defendant is Vida E. Durham.

Evan T. Lawson, Esq. counsel for plainiff
Michael D. Ford, counsel for defendants

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Southern District sitting at Orleans upon Report from the District Court Department, Barnstable Division and it is found and decided that there was prejudicial error.

It is hereby

ORDERED: That the Clerk of the District Court Department, Barnstable Division make the following entry in said case on the docket of said Court, namely: JUDGMENT IS REVERSED; CASE REMANDED TO TRIAL COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

Opinion filed herewith.

Daniel H. Rider, Presiding Justice
Richard O. Staff, Justice
Charles E. Black, Justice
Patricia D. Minotti, Clerk

### OPINION

**Rider, P.J.** This is an appeal of the dicision allowing defendants' motion for summary judgment. The action was brought by the plaintiffs, Healy (Buyers), against the defendants, Durham (Sellers), for the return of a deposit of $7,400.00 paid by the Buyers to the Sellers in connection with a Purchase and Sale Agreement dated February 29, 1980, for real estate described in the Agreement as "Land and Dwelling situated at 1190 Route 6A; Village of West Barnstable, Town of Barnstable, Massachusetts. Being approximately 5.27 acres. Assessors Map: 178-15. For title see: Book 805, Page 285." The total purchase price was $73,900.00 and the closing was scheduled for May 15, 1980.

Plaintiffs' complaint recites the foregoing details of the Purchase and Sale Agreement, a copy of which was attached to the complaint. The complaint further alleges:

"4. On May 15, 1980 plaintiff appeared at the Barnstable Registry of Deeds ready and able to perform his obligations under the Agreement at the agreed upon time.

5. The defendants appeared at the Barnstable Registry on May 15, 1980 at the agreed upon time but were unable to perform their obligations under said Agreement in that defendants could not show good and marketable title to 5.27 acres of land in said parcel. Defendants' deed from their grantor, and all previous deeds in the chain of title back to 1863 show that said parcel contains 4.5 acres. Additionally in 1973 defendant (sic) conveyed .73 acres out of said parcel which conveyance was not disclosed in said Agreement.

6. Plaintiff refused to accept defendants' deed and refused to extend the time for performance under said Agreement...."

Defendants' answer and counterclaim deny plaintiffs' allegations with one exception. Defendants admit that plaintiffs

have demanded the return of the deposit of $7,400.00 and that defendants have failed and refused to do so.

In their counterclaim defendants allege that they agreed to purchase real estate in Marstons Mills and made a deposit of $5,000.00 towards the purchase price; that the closing was also scheduled for May 15, 1980; that the defendants were ready, willing and able to perform the agreement with the Healys on that date; that because the plaintiffs refused to perform their agreement, the defendants were prevented from performing their agreement concerning the Marstons Mills property; that they thereby forfeited their deposit of $5,000.00 and incurred legal expense in the amount of $521.75, for which they demand judgment in the amount of $5,521.75.

The defendants filed their motion to dismiss or for summary judgment simultaneously with the filing of their answer and counterclaim. The motion alleges that "the Plaintiff has failed to state a claim upon which relief can be granted;" also that "(A)ffidavits given by R. Theodore Steinhilber, the broker in this transaction, and Alfred E. Durham, the Seller, concerning the negotiations and representations which were made by them in making this sale, shown (sic) that there is no genuine issue of a material fact to be resolved."

On June 6, 1980, the court heard defendants' motion for summary judgment based upon the complaint, answer, affidavits of R. Theodore Steinhilber and Alfred T. Durham in support of defendants' motion and affidavit of Leonard G. Healy, Jr. in opposition thereto.

By memorandum of decision dated August 4, 1980, the court stated "Defendants' motion for summary judgment allowed."

The following evidence appears in the report:

Homeport Realty, a realty firm of West Barnstable, advertised the premises together with three other available residences in West Barnstable and residences and homesites in Mashpee, Marstons Mills and Hyannis.

Photographs of the four West Barnstable residences were shown in the advertisement with a brief description under each. Under the photograph of the Durham residence appears the description: "3 BR Marsh Front Home - 5 acres - some 'Village Business' land - very private! $73,900."

R. Theodore Steinhilber, real estate broker and agent of Homeport Realty, negotiated the sale to the Healys, drafted the purchase and sale agreement, and signed it as broker. The agreement provided that the sellers would convey "a good marketable title" to the buyers.

At the closing at the Barnstable Registry of Deeds on May 15, 1980, the defendants could show record title only to 3.77 acres. The title search revealed that the parcel had contained 4.5 acres, but a parcel containing .73 acres had been conveyed out in 1973. Plaintiffs declined to accept defendants' deed and demanded the return of their deposit, which the defendants refused.

Steinhilber's affidavit includes the following: that Mr. Healy's offer was a single price for the land and dwelling; that a per acre price was never mentioned; that he did mention to Healy "that a Business Zoned acre was probably worth $25,000 and that he (Healy) might be able to subdivide out one Business Zoned acre"; that Healy said he had no business use in mind; that he was never informed by Healy that he required or wanted a parcel of land that was five acres or more; that his only discussion with Healy concerning the assessment of the property was relative to the value amounts attributed to the land versus the dwelling; that he told Healy that no recorded plan of the property existed except the Assessor's map, and that these are not always accurate.

In his affidavit, Alfred T. Durham stated, **inter alia,** that "(A)t no time prior to the signing of that agreement was the necessity of having a parcel of land containing five (5) acres or more mentioned to me or discussed by me with Mr. and Mrs. Healy," and that "(T)he only

reference I made to acreage for the property was to the effect that the Town of Barnstable had assessd the property as 5.27 acres of land for which I have been paying real estate taxes since the early seventies."

The counter-affidavit of Leonard G. Healy, Jr. includes the following statements: "I was induced to purchase the property because it was represented to contain at least 5 acres. At all times prior to the scheduled closing on May 15, 1980, I believed that the property contained at least 5 acres as represented by the Homeport Realty Advertisement...I was told by M. Steinhilber, the Durham's broker, that the property contained 5.27 acres based on the Barnstable Assessor's office. I was told by Mr. Durham that the property contained 5.27 acres as assessed by the Barnstable's Assessor's Office report. I expected to receive good title to 5.27 acres of land. I did not want or expect to receive good title to only 3.77 acres."

I. It was error to allow the defendants' motion for summary judgment in their favor because the pleadings and the affidavits filed in support of, and in opposition to, the motion, together with the Homeport Realty advertisement, indicated that there was a genuine issue of material fact to be resolved. The issue is whether Durham and/or his agent, Steinhilber, made false representations to Healy for the purpose, and with the effect, of inducing the Healys to agree to purchase the premises and to make the deposit in question. **Junkins v. Slender Woman, Inc.,** 7 Mass. App. Ct. 878 (1979).

Whether or not the plaintiffs' complaint clearly alleges misrepresentations made by the defendants or on their behalf which induced the plaintiffs to agree to purchase the property, Healy's affidavit specifically alleges misrepresentation and inducement and these allegations must be considered in conjunction with those in the complaint. In **Seaboard Terminals Corp. v. Standard Oil Co. of New Jersey,** 104 F. 2d 659, 660 (2nd Cir. 1939), the Circuit Court, while affirming summary

judgment in the particular case, wrote: "...if facts appear in affidavits which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform." The same Court reversed a lower court's finding of summary judgment for the defendant, referring with approval to plaintiff's view that summary judgment should not have been granted "(I)n view of the liability in pleading and the free power of amendment given by the new Federal Rules of Civil Procedure - particularly Rule 15(b)...relating to amendments to conform to the proof, and Rule 54(c), providing that every final judgment shall grant the full relief to which the party is entitled, even though not demanded..." **Downey v. Palmer,** 114 F. 2d 116, 117 (2nd Cir. 1940). See also, **Fulmer v. United States,** 83 F. Supp. 137, 150 (1949); **Kane v. Chrsler Corp.,** 80 F. Supp.360, 366 (1948).

As stated in **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 179-180 (1975), "The adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content."

II. Plaintiffs' complaint alleges that the defendants failed to show good and marketable title to 5.27 acres of land; that the deed to the defendants and all prior deeds in the chain of title back to 1863 show that the parcel in question only contained 4.5 acres; and that in 1973 the defendants conveyed .73 acres out of the parcel. This information was not disclosed by the defendants and was obtained only by a search of the title after the execution of the purpose and sale agreement.

The allegations in Healy's affidavit of misrepresentation and inducement raise questions of material fact as to whether defendants in fact represented that the property consisted of at least five acres and whether the plaintiff relied on such representations when he agreed to sign

the purchase and sale agreement. **Junkins v. Slender Woman, Inc., supra.** In **Merchants Distilling Corp. v. American Beverage Corp.,** 33 F. Supp. 304, 306 (1940), the Court denied defendants' motion for summary judgment in plaintiff's action to rescind a contract on the grounds that he was induced to enter into the contract by false representation, stating: "(T)hat issue respects a most material fact. It is whether plaintiff was induced to enter into the contract...by a false representation...That issue can only be determined by the testimony of witnesses upon final hearing."

Plaintiffs' allegations of misrepresentation and inducement are disputed by the defendants. The factual dispute must be resolved at trial, not by a weighing of evidence in the affidavits. "The duty of the trial judge is not to conduct a 'trial by affidavits' (or other supporting materials), but to 'determine whether there is a substantial issue of fact.' " **Noyes v. Quincy Mutual Fire Insurance Co.,** 7 Mass. App. Ct. 723, 726 (1979), quoting **Norwood Morris Plan Co. v. McCarthy,** 295 Mass. 597, 603 (1936). The Supreme Judicial Court has fully approved the rule of the United States Supreme Court as stated in **United States v. Diebold, Inc.,** 369 U.S. 654, 655; 82 S. Ct. 993, 994 (1961): "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." **Hub Associates, Inc. v. Goode,** 357 Mass. 449, 451 (1970).

The record includes an advertisement listing the parcel as consisting of five acres, while it is undisputed that the property actually consisted of only 3.77 acres in 1973. The report provides no insight into why the defendants failed to inform the plaintiff of that conveyance, though both Durham and his broker discussed the acreage, the assessed value and the probable worth of the land with Healy. There was a duty upon Durham and his broker to "speak honestly and to divulge all the material facts bearing upon the point that lie within (their) knowledge.

Fragmentary information may be misleading...as active misrepresentation, and half-truths may be as actionable as whole lies..." **Kannavos v. Annino,** 356 Mass. 42, 48 (1969). See, **Roberts v. French,** 153 Mass. 60, 62 (1891). Even if the representations of a material fact were made innocently but were susceptible of knowledge and were false, the plaintiff is entitled to rescission. **Levy v. Bendetson,** 6 Mass. App. Ct. 558, 564 (1978). The giving of a deed by the defendants in 1973 was certainly susceptible of knowledge.

It is not necessary for the plaintiffs to show that misrepresentations made by or on behalf of the defendants were the sole even the predominant factors in their decision to purchase the premises. **National Shawmut Bank v. Johnson,** 317 Mass. 485, 490 (1945). **Sandler v. Elliot,** 335 Mass. 576, 580 (1957). **Goldman v. Mahony,** 354 Mass. 705, 711 (1968).

Accordingly, the judgment is reversed and the case is remanded to the District Court Department, Barnstable Division, for further proceedings not inconsistent with this opinion. We note that no disposition of defendants' counterclaim was made. We assume that such disposition will be made after further, proceedings.

This certifies that this is the opinion of the Appellate Division in this cause.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charlie E. Blact, Justice**
**Patricia D. Minotti, Clerk**