JAMES A. RADLEY vs. WALTER E. JOHNSON. No. 87-1116. March 2, 1988. *Contract,* Performance and breach, Sale of real estate. *Practice, Civil,* Summary judgment.

On cross motions for summary judgment, a Superior Court judge allowed the plaintiff's motion, and a judgment was entered directing specific performance of an agreement for the sale of land owned by the defendant in Wayland. On appeal, the defendant argues that it was error to enter summary judgment because there are genuine issues of material fact with respect to whether (1) the plaintiff repudiated the agreement, (2) the plaintiff performed his undertakings within a reasonable time, and (3) the plaintiff exercised a waiver of a change in zoning condition within a reasonable time. We affirm the judgment.

The motions for summary judgment were presented and opposed on the basis of the pleadings, excerpts from deposition testimony, exhibits and affidavits. From these materials we draw the following undisputed facts. In late 1983, the parties began negotiations for the purchase and sale of about eighteen acres of undeveloped land in Wayland owned by the defendant, who was then eighty-seven years old. The plaintiff was interested in constructing an office building on the site. A change in the residential zoning would be necessary for the purpose. The defendant (who had significant experience in the sale and bargaining for sale of real estate owned by him, including the property which is the subject of this action) had engaged at various times since 1958 in negotiations with several prospective buyers of the property. A previous deal with another suitor who wished to devote the property to office building use failed when the town meeting rejected a rezoning proposal.

On February 20, 1984, the parties executed a purchase and sale agreement which had been prepared by the defendant's experienced attorney, who was also a neighbor and long-time acquaintance. The agreement called for a purchase price of $500,000. A $50,000 deposit was paid by the plaintiff. In material part, the agreement also provided that the plaintiff's obligation to purchase was conditioned on his obtaining from the town the zoning change necessary to allow construction of an office building of specific size. On February 25, 1984, the parties, explicitly recognizing the defendant's empirical concern about the probable delay in securing any necessary zoning change ("which may require a considerable period of time"), executed an addendum to the agreement. That instrument recited that it was made in consideration of the removal by the defendant of the property from the market and of his liability in the meantime for real estate taxes. It then provided for the reimbursement by the plaintiff to the defendant for real estate taxes paid together with a credit of $2,000 per month against the plaintiff's deposit. If the sale was consummated, tax payments and credits would be applied to the purchase price; otherwise they would be forfeited.

At the time the agreement and addendum were executed, it was too late to place a rezoning proposition before the annual town meeting; that change

could not be presented in the normal course until the annual meeting of April, 1985. Some time in 1984, the plaintiff retained local counsel to advise on zoning matters. The plaintiff was advised against seeking rezoning, as the prospects of obtaining the required two-thirds town meeting vote were not thought to be good; persuasion of the board of appeals on an application for a variance offered more hope. With this approach the defendant and his attorney agreed.

Architectural, engineering and other studies of the site proceeded, and the results were presented to the board of appeals in connection with an application for a variance which was filed in July of 1985. Following a hearing by the board in September, 1985, the application was denied on October 9, 1985. An appeal from that decision was entered by the plaintiff in the Superior Court on October 29, 1985; an amended complaint was filed on November 13, 1985. The zoning appeal was later (August 25, 1986) consolidated with this action and remained dormant pending the determination of the plaintiff's status as a buyer of the property.

In February, 1986, during a meeting with the defendant and his counsel and the plaintiff, the defendant indicated his impatience with the process and his desire "to bring the matter to an end." The plaintiff said that he would be willing then to close the transaction by making installment payments. The defendant insisted on immediate full payment. The agreement, the defendant said, was at an end and the defendant would return the plaintiff's $50,000 deposit. Efforts in March of 1986 (when the defendant informed the plaintiff of a buyer willing to pay $1,200,000 for the property) by the plaintiff to dissuade the defendant were to no avail.

By letter dated April 8, 1986, the plaintiff notified the defendant's attorney that the plaintiff had decided to waive the change in zoning condition and was prepared "to close almost immediately." The defendant's attorney replied, by letter of April 17, 1986: "[The defendant] is unwilling to accept *your offer*. Instead he proposes and offers *to terminate the existing agreement*" (emphasis supplied). On May 22, 1986, the plaintiff wrote to the defendant (with a copy to his attorney) reiterating his decision to waive the change in zoning condition and proposing a closing at the Middlesex south district registry of deeds at noon on June 23, 1986 (the agreement called for a closing on the thirtieth day after resolution of the zoning question), or sooner if the defendant wished. The plaintiff appeared at the designated time ready, willing and able to complete the purchase; the defendant did not appear.

1. The defendant points to no genuine issue of material fact on the question whether the plaintiff repudiated the agreement in February, 1986, when, in response to the defendant's demand for immediate performance, he offered to pay the purchase price in installments. Rather, the defendant quarrels with the judge's implicit rejection as matter of law of the repudiation claim. There was no error. The plaintiff was not contractually bound to proceed without the change in zoning on which the agreement was made

conditional. The defendant's demand that he do so evoked the offer by the plaintiff of installment payments as a compromise not as a repudiation. See *Nevins* v. *Ward*, 320 Mass. 70, 73 (1946).

2. In his brief memorandum of decision, the judge correctly noted that the parties contemplated a considerable lapse of time between the execution of the agreement and the closing. The judge observed that, by applying a $2,000 per month credit against the $50,000 deposit, the parties were prepared for a delay of up to twenty-five months. No cut-off date was specified, however, and the judge ruled that each party was entitled to regard the other as bound for a reasonable time. He further ruled that the plaintiff exercised his right to waive the change in zoning condition, see *deFreitas* v. *Cote*, 342 Mass. 474, 477 (1961), within a reasonable time, which was less than twenty-six months after the execution of the agreement and addendum.

There is no dispute as to chronology. Nowhere does the defendant set forth specific facts showing a genuine issue for trial on his claim that the plaintiff failed to use reasonable efforts to secure a change in the zoning of the property and the dependent claim that the plaintiff failed to waive the condition within a reasonable time. See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976). The defendant's bald assertions of unreasonableness and delay are insufficient to support or to avoid summary judgment. See *Madsen* v. *Erwin*, 395 Mass. 715, 721 (1985); *United States Trust Co.* v. *Herriott*, 10 Mass. App. Ct. 313, 318 (1980).

"Where the evidence is in dispute and open to different inferences, the question whether an act has been done within a reasonable time after the happening of a certain event is ordinarily a question of fact, but where (as here) the facts are not in dispute the question becomes one of law." *Powers, Inc.* v. *Wayside, Inc.*, 343 Mass. 686, 691 (1962), quoting from *Bruns* v. *Jordan Marsh Co.*, 305 Mass. 437, 445 (1940). Here, the judge properly determined the question by "reference to the nature of the contract and the probable intention of the parties as indicated by it," *Barclay* v. *DeVeau*, 384 Mass. 676, 684 (1981), as well as by the attendant circumstances. See *Limpus* v. *Armstrong*, 3 Mass. App. Ct. 19, 22 (1975). There was no error.

*Judgment affirmed.*

*Barbara E. Johnson* for the defendant.
*F. Anthony Mooney* for the plaintiff.