Welsh, J.
Plaintiff brings this action against his insurer for alleged breach of contract by reason of failure to pay for loss due to the theft of his vehicle, a motor home. Plaintiff also asserts a claim based upon alleged unfair settlement practices under G.L.c. 93A, §9 and G.L.c. 176D, §3.
The defendant contended that the plaintiff insured breached his obligations under the policy by failing to cooperate, making false statements, and by failure to submit to an examination under oath as requested by the defendant.
The defendant filed a motion for summary judgment under Rule 56, Dist./Mun. *39 Cts. R Civ. P. with supporting affidavit. The plaintiff submitted affidavits in opposition to the motion. The motion judge allowed the motion for summary judgment and ordered judgment for the defendant with costs.
The materials in support of and in opposition to the motion disclose the following scenario:
On November 21, 1989, the plaintiff s 1989 FordEconoline Van was allegedly stolen while parked outside of the plaintiff s place of business. The vehicle was never found. On the same day he became aware of the theft, plaintiff reported it to the Waltham Police Department and to his insurance agent. On December 20, 1989, plaintiff gave his first statement to a claims representative of the defendant. He gave a subsequent statement to a private investigator engaged by the defendant on January 11, 1990. On February 23, 1990, an attorney in New Hampshire engaged by the defendant wrote to the plaintiff requesting that plaintiff contact him regarding a statement or that plaintiff have his attorney contact him. On February 27, 1990, plaintiffs attorney wrote defendant’s New Hampshire attorney requesting that the statement be taken in Massachusetts. Defendant’s counsel replied on March 6, 1990, reiterating the requestthatplaintiff submitto oral examination in New Hampshire. Plaintiffs counsel countered with a 30-day demand letter pursuant to G.L.c. 93A and c. 176D. Afurther letter issued from defendant’s New Hampshire counsel, insisting upon oral examination under oath in New Hampshire. Finally, on April 25, 1990, plaintiffs attorney wrote defendant’s counsel informing him that the instant action had been commenced in the Dedham District Court.
We conclude that the motion judge erred in granting the defendanfs motion for summary judgment. The allowance of a motion for summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the party or the opposition party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). Rule 56(e), Mass. R Civ. P. provides that once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or denials; he must set forth specific facts showing there is a genuine, triable issue. Id. at 554.
We conclude that the plaintiff (insured) has met his burden and demonstrated that there is a genuine issue of material fact and that it was error to allow the motion for summary judgment.
The veracity of plaintiffs statement concerning his claim, the contention that plaintiff failed to cooperate with the insurance company’s investigation of his claim, and the reasonableness of plaintiffs declination to submit to oral examination under oath in New Hampshire, especially in the light of his consistently expressed willingness to undergo such an examination in Massachusetts, whether considered individually or collectively, constitute genuine issues of material fact, precluding the granting of defendant’s motion for summary judgment.
Generally, a claim against an insurance company under G.L.c. 93A based upon an alleged failure to effectuate a prompt, fair and equitable settlement of a claim is one which must be determined from the factual circumstances present. Noyes v. Quincy Mutual Fire Ins. Co., 7 Mass. App. Ct. 723, 725, 726 (1979). The motion judge, as well as the appellate division, must assume the truth of the affidavits filed by the party opposing summary judgment. Welford v. Nobrega, 30 Mass. App. Ct. 92, 94 (1991). The credibility of the parties may not be considered. Sheehy v. Lipton Industries, Inc., 24 Mass. App. Ct. 188, 194 (1987), review denied 400 Mass. 1103 (1987). When a person’s intent or state of mind is a central issue in a controversy, summary judgment seldom lies. Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 86 (1984). The reasonableness of the insured’s refusal to permit the oral examination in New Hampshire is an issue for the trier of fact. Similarly, whether the defendant knowingly *40 made false statements in support of its claim is an issue of fact which cannot be properly determined on the basis of the materials submitted by the proponent and opponent of the motion for summary judgment. The duty of the motion judge is not to conduct “trial by affidavits” or other supporting material. Henshaw v. Cabeceiras, 14 Mass. App. Ct. 225, 229 (1982). Even if the motion judge perceived some conflict between the plaintiffs affidavits in opposition to the motion for summary judgment and other materials submitted by plaintiff, or in a deposition of the plaintiff, the motion must be denied. Junkins v. Slender Woman, Inc., 7 Mass. App. Ct. 878 (1979), and cases cited therein.
In Darcy v. Hartford Ins. Co.; Royal Globe Ins. Co., 407 Mass. 481 (1990), the Supreme Judicial Court adopted a rule that insurers seeking to disclaim liability on the grounds of an insured’s breach of a cooperation provision in the policy must demonstrate affirmatively that actual prejudice resulted from such breach. Id. at 488-491. The rule was prospective as to claims arising after May 22, 1990, the date of the opinion. Id. at 191. While not dispositive of this case since the clam arose before May 22, 1990, the case is significant as a statement of public policy in this area. We observe that there was no evidence of actual prejudice shown by the insurer by reason of the insured’s failure to submit to oral examination on oath in New Hampshire as requested.
Prejudicial error is found in the allowance of defendant’s motion for summary judgment.
The judgment for the defendant is vacated and the case remanded for trial.
SO ORDERED.