Brennan, J.
The appellant, Commercial Union Insurance Company, brought this appeal pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal, aggrieved by the decision of the trial judge in favor of the appel-lee, Eva T. Labonte. The facts and issues necessary for an understanding of the case are as follows. Plaintiff/appellee, Eva Labonte, owned a 1989 Chrysler New Yorker automobile, which she insured with defendant/appellant, Commercial Union Insurance Company. On or about January 13, 1997, Ms. Labonte reported her vehicle missing. Shortly thereafter the vehicle was recovered by the Palmer Police Department. On or about January 21, 1997, Steven Hervieux of Commercial Union Insurance Company’s Special Investigative Unit informed Ms. Labonte that her vehicle was considered a total loss. The insurer began an investigation of the theft and resultant insurance claim. On or about May 2, 1997, Labonte, through her attorney, sent a demand letter pursuant to M.G.L.c. 93A. On or about May 6,1997, the insurer sent a letter to Labonte requesting that she submit to an “Examination Under Oath” scheduled at the insurer’s office in Boston, Massachusetts at 9:00 a.m. the following Monday. Ms. Labonte resides in Palmer, Massachusetts, a considerable distance from Boston, Massachusetts. Plaintiff requested that the exam be done in Palmer, Massachusetts. The insurer offered to conduct the exam in Foxboro, Massachusetts, which the plaintiff refused as she considered Foxboro too great a distance from her home. As a result of the plaintiffs failure to submit to the Examination Under Oath, the insurer failed to pay the claim and the plaintiff filed suit alleging breach of contract, violation of G.L.c. 175, §1130, violation of G.L.c. 93A, and infliction of emotional distress. The case was tried on October 13, 1998, in the Palmer District Court and on October 28, 1998 judgment entered for the plaintiff in the amount of $12,000, with interest in the amount of $1,776.00 and costs in the amount of $139.50 and attorney’s fees in the amount of $5,753.30. On November 4,1998 the defendant filed notice of appeal.
The issues before the Appellate Division of the District Court are whether the trial judge erred in finding liability under G.L.c. 93A and whether it was unfair or deceptive for the insurer to require that the plaintiff travel from Palmer to Boston for an Examination Under Oath.
In his findings, the trial judge found "... the continuation of the investigation to be unreasonable both in time and depth” and that “The request of the defendant to have the Labontes appear first in Boston and second in the ‘mid-point!!!’ location of Foxboro is an extremely unreasonable demand by the defendant. Evans v. Norfolk & Dedham Mutual Life Ins. Co., 1992 Mass. App. Div. 38 (1992).” The trial judge further found that the conduct of the insurance company investigator was “oppres *112 sive and thus unreasonable.” Clearly, the judge carefully considered all of the facts of the case before he made his determination that the actions of the defendant amounted to a violation of G.L.c. 93A. Factual findings by the trial judge are not subject to review by the Appellate Division absent a showing of abuse of discretion. In this case no such showing has been made. For the reasons cited above, the judgment for the plaintiff is affirmed and the appeal is dismissed.