NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1067

KIT NORMAND & another[1]

vs.

BRENDA S. HARYSLAK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The seller, Brenda S. Haryslak, appeals from a judgment issued by a Superior Court judge granting summary judgment to the buyers, Kit and Jason Normand, and awarding them the return of their deposit.  Concluding that the buyers invoked their right to void the contract when the seller did not find suitable housing by the contract's deadline, and that the judgment properly included costs and prejudgment interest, we affirm.

1.  Standard of review.  "[T]he standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to

_____
[1] Jason Normand.

a judgment as a matter of law."  Coviello v. Richardson, 76 Mass. App. Ct. 603, 607 (2010), quoting Siebe, Inc. v. Louis M. Gerson Co., 74 Mass. App. Ct. 544, 548 (2009).  "The moving party bears the burden of demonstrating the absence of a triable issue of fact on every relevant issue."  Scholz v. Delp, 473 Mass. 242, 249 (2015), cert. denied, 578 U.S. 1023 (2016).  "Once the moving party has met this burden, the opposing party is 'required to respond by "set[ting] forth specific facts showing that there is a genuine issue for trial."'"  Hill-Junious v. UTP Realty, LLC, 492 Mass. 667, 672 (2023), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).  "In deciding a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits."  Bank of N.Y. Mellon v. Morin, 96 Mass. App. Ct. 503, 506 (2019), quoting Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).  "Our review of a motion judge's decision on summary judgment is de novo, because we examine the same record and decide the same questions of law."  Brandt v. Davis, 98 Mass. App. Ct. 734, 737 (2020), quoting Boston Globe Media Partners, LLC v. Department of Criminal Justice Info. Servs., 484 Mass. 279, 286 (2020).

Where, as here, summary judgment is based on the language of a contract, we start by interpreting the contract. "The words of a contract must be considered in the context of the entire contract." Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 374 (2013), quoting General Convention of New Jerusalem in the U.S. of Am., Inc. v. MacKenzie, 449 Mass. 832, 835 (2007). "[E]very word is to be given force so far as practicable," Beninati v. Borghi, 90 Mass. App. Ct. 556, 563 (2016), quoting MacDonald v. Hawker, 11 Mass. App. Ct. 869, 872-873 (1981), to avoid rendering any "part useless or inexplicable," First Specialty Ins. Corp. v. Pilgrim Ins. Co., 83 Mass. App. Ct. 812, 819 (2013), quoting Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986). "When contract language is unambiguous, it must be construed according to its plain meaning." Balles v. Babcock Power Inc., 476 Mass. 565, 571-572 (2017).

2. Suitable housing contingency. Under the contract, the sale of the house was "contingent on seller finding suitable housing on or before December 30, 2021 and closing simultaneously with this sale on February 2 2022, but if seller does not find suitable housing 12/30/21 buyer or seller has option to void contract." The summary judgment record establishes that there is no genuine issue of material fact

3

regarding whether the buyers properly exercised their right to void the contract pursuant to this provision.

At no point prior to January 2, 2022, did the seller assert to the buyers that she had found suitable housing. The seller's evidence that she met the suitable housing contingency was her personal affidavit stating, "On December 29th I found a home and an apartment that either could work for my family." Nothing in her affidavit suggested that either the house or the apartment would satisfy the simultaneous closing requirement in the suitable housing contingency. Moreover, her deposition testimony clarifies that, by saying that she "found a home and an apartment," the seller did not mean that she had any agreement that those options would "clos[e] simultaneously with [the sale between the buyer and seller] on February 2 2022," or, for that matter, an agreement of any sort. At her deposition, the seller said that, as of December 30, 2021, she was going to move into "the house [she] live[s] in" now. Although she had made an offer and had "given" money for that home, she "had to wait on [that seller's] husband to confirm for it to be, like, legit." The husband did not confirm until the following day. The deposition testimony, therefore, confirms that she had no actual agreement by the deadline.

4

In light of the clarification in the deposition, the affidavit does not create a genuine issue of material fact as to whether the seller had found a place to live that would close on February 2, 2022.  See Ortiz v. Morris, 97 Mass. App. Ct. 358, 362 (2020), quoting Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54, 58 (1997) ("[a] party cannot create a disputed issue of fact [simply] by . . . contradicting by affidavit statements previously made under oath at a deposition").  The buyers, therefore, had the right to void the contract pursuant to the plain language in the suitable housing contingency.[2]  See Coviello, 76 Mass. App. Ct. at 608, quoting Owen v. Kessler, 56 Mass. App. Ct. 466, 469 (2002) ("parties will be held to the deadlines they have imposed upon themselves when they agree in writing that time is to be of the essence").  As a matter of law, the summary judgment record establishes that the buyers here exercised their right to void the contract by promptly notifying the seller.[3]

---

[2] We note that, contrary to the seller's argument on appeal, suitable housing contingencies protect buyers' interests as well as sellers' interests because such contingencies ensure that buyers are able to move into houses by agreed-upon dates instead of having to go through the complicated process of evicting sellers.

[3] Because the buyers voided the contract pursuant to the suitable housing contingency, we need not reach whether the buyers diligently pursued financing, an admittedly dubious proposition.

3. <u>Covenant of good faith and fair dealing</u>.  "The covenant of good faith and fair dealing . . . provides 'that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'"  <u>A.L. Prime Energy Consultant, Inc</u>. v. <u>Massachusetts Bay Transp. Auth</u>., 479 Mass. 419, 434 (2018), quoting <u>Weiler</u> v. <u>PortfolioScope, Inc</u>., 469 Mass. 75, 82 (2014). "The scope of the covenant [of good faith and fair dealing] is only as broad as the contract that governs the particular relationship."  <u>Ayash</u> v. <u>Dana-Farber Cancer Inst</u>., 443 Mass. 367, 385, cert. denied, <u>Globe Newspaper Co</u>. v. <u>Ayash</u>, 546 U.S. 927 (2005).  "[A] breach occurs when one party violates the reasonable expectations of the other."  <u>Robert & Ardis James Found</u>. v. <u>Meyers</u>, 474 Mass. 181, 188 (2016), quoting <u>Chokel</u> v. <u>Genzyme Corp</u>., 449 Mass. 272, 276 (2007).

Here, the seller acknowledges that the buyers could put offers on other houses while under contract with the seller without breaching the covenant of good faith and fair dealing. The seller argues, however, that the buyers breached the covenant of good faith and fair dealing by failing to diligently pursue a mortgage after they put an offer on another house.[4]  The

_____

[4] The seller further argues that the buyers breached the covenant of good faith and fair dealing by failing to tell the

6

contract, however, already prohibited the buyers from invoking the mortgage contingency in the absence of diligent efforts to obtain a mortgage, and the buyers properly invoked the housing contingency to terminate the contract, making their diligence in seeking a mortgage a moot point.

Moreover, the contemporaneous text communications between the buyers and their realtor in early December show that they were frustrated with the seller because she had not found suitable housing, and they were concerned that she would not find suitable housing by December 30, 2021. Expressing discontent, one of the buyers commented that, "if [she] didn't love the house and really want it, [she]'d be done." In short, the summary judgment record establishes that the buyers' concern about the housing contingency was the reason why this sale ultimately failed. See Ayash, 443 Mass. at 385.

4. Costs and prejudgment interest. The seller argues that she should not have been "penalized" by having to pay statutory costs and prejudgment interest as part of the judgment.

---

seller that they expected a gift from a family member to secure a mortgage. The seller did not raise this argument to the motion judge, so we do not consider it on appeal. See Fitzpatrick v. Department of Correction, 102 Mass. App. Ct. 617, 624 n.12 (2023), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").

Statutory costs and prejudgment interest, however, are not a penalty here; they are required by law.  See G. L. c. 231, § 6C ("In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand"); Mass. R. Civ. P. 54 (d), as appearing in 382 Mass. 821 (1980) ("costs shall be allowed as of course to the prevailing party").  The judgment properly included statutory costs and prejudgment interest.[5]

Judgment affirmed.

By the Court (Ditkoff, Singh & Hodgens, JJ.[6]),

Clerk

Entered:  September 25, 2024.

---

[5] The buyers' request for double costs on appeal is denied. "Although the . . . appeal is unsuccessful, it is not frivolous."  Perry v. Zoning Bd. of Appeals of Hull, 100 Mass. App. Ct. 19, 25 n.10 (2021), quoting Filbey v. Carr, 98 Mass. App. Ct. 455, 462 n.10 (2020).

[6] The panelists are listed in order of seniority.

8