BARNSTABLE COUNTY
INSURANCE COMPANY *vs.* SANFORD F. GALE & another.[1]

Barnstable. March 5, 1997. - June 4, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, & FRIED, JJ.

*Insurance,* Motor vehicle insurance, Misrepresentation. *Practice, Civil,* Summary judgment.

Where an insured failed to disclose to his motor vehicle insurer his owner-
ship of a second vehicle, and where the insurance premium would have
increased had the insurer known, such a misrepresentation was material
and permitted the insurer to void the policy under G. L. c. 175, § 186.
[128-129]

CIVIL ACTION commenced in the Superior Court Department on October 18, 1993.

The case was heard by *Gerald F. O'Neill, Jr.,* J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carol A. Griffin (Ralph C. Sullivan* with her) for the plaintiff.

*Mark A. Michelson (Lisa Fishbone Wallack* with him) for Edna F. Davis.

*Robert P. Turner* for Sanford F. Gale.

LYNCH, J. In this appeal we decide whether a material misrepresentation of fact exists which permits the voiding of an insurance policy under G. L. c. 175, § 186. The plaintiff sought a declaratory judgment in the Superior Court that an umbrella liability insurance policy issued to Sanford F. Gale (defendant) was void because the defendant had failed to disclose the ownership of a second automobile. On cross motions for summary judgment, the judge concluded that the misrepresentation was material as a matter of law and al-

---

[1] Edna F. Davis.

lowed the plaintiff's motion. In a memorandum issued pursuant to its Rule 1:28, the Appeals Court reversed this judgment, holding that, in the circumstances, the misrepresentation was immaterial because it made no significant difference in estimating the degree or character of the risk of loss. 41 Mass. App. Ct. 1110 (1996). We granted the plaintiff's application for further appellate review, and affirm the judgment of the Superior Court.

1. *Facts.* The following facts were not in dispute for purposes of summary judgment. In 1988, the plaintiff issued a personal umbrella liability insurance policy to the defendant and charged a $110 premium. In his application for insurance, the defendant stated that he owned a 1981 Oldsmobile Cutlass automobile. This automobile was garaged in Massachusetts and insured by Commercial Union Homeland Insurance Company. The umbrella policy provided coverage in excess of the bodily injury limits on the automobile insurance policy.[2] In 1989 and 1990, the defendant renewed the umbrella policy. The defendant was required to provide current information on the renewal application in order for the plaintiff to compute the renewal premium.

The defendant lived in Florida during the winter and spent the remainder of the year in Massachusetts. In 1990, the defendant purchased a 1971 Dodge Dart automobile in Florida and registered it in Florida. Subsequently, the defendant renewed the umbrella policy, but failed to disclose on the renewal application that he owned a second automobile.[3] The plaintiff would have charged an additional premium of $30 for the second automobile.

The defendant did not let anyone else drive his automobiles. He took his Oldsmobile Cutlass off the road when he left Massachusetts to spend the winter in Florida so that no one could drive it in his absence. He did the same thing with the Dodge Dart when he left Florida in the spring. In December, 1992, the defendant was involved in an automobile accident in Florida while driving the Dodge Dart. Edna Davis, a passenger, was injured in the accident.

2. *Summary judgment.* Summary judgment is appropriate where there is no genuine issue of material fact and the mov-

[2]The facts show that $45 of the premium was attributable to the excess liability coverage on the automobile. ·

[3]The defendant never carried primary insurance on the Dodge Dart.

ing party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). See *Dullea* v. *Safety Ins. Co.*, 424 Mass. 37, 38-39 (1997); *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991).

3. *Material misrepresentation.* A material misrepresentation by the applicant may void an insurance policy. See *Employers' Liab. Assur. Corp.* v. *Vella*, 366 Mass. 651, 655 (1975); *Sullivan* v. *John Hancock Mut. Life Ins. Co.*, 342 Mass. 649, 658 (1961); *Campbell* v. *New England Mut. Life Ins. Co.*, 98 Mass. 381, 395 (1867). General Laws c. 175, § 186, provides:

> "No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

This statute is declaratory of long-standing common law principles defining the sort of false representations that can serve to avoid an insurance policy. *Pahigian* v. *Manufacturers' Life Ins. Co.*, 349 Mass. 78, 85 (1965).

The defendant argues that omission of the second automobile was not material because it did not change the character of the risk. The defendant was the sole operator of both automobiles. He kept one automobile in Massachusetts and the other in Florida. Because he can only drive one automobile at a time, he argues that there was no significant difference in the degree or the character of the risk of loss.

For purposes of G. L. c. 175, § 186, a fact is deemed material if it influences the premium. "A fact 'must be regarded as material, the knowledge or ignorance of which would naturally influence the judgment of the underwriter in making the contract at all, or in estimating the degree and character of the risk, or in fixing the rate of the premium.' " *Employers' Liab. Assur. Corp.* v. *Vella, supra* at 655, quoting *Daniels* v. *Hudson River Fire Ins. Co.*, 12 Cush. 416, 425 (1853). If an insured falsely states a fact that would increase the premium, the misrepresentation is material. It is undisputed in this case that the factual misrepresentation resulted in a lower premium. It is also clear that, because

only one of the insured's vehicles was on the road at any one time, the actual risk of loss was not increased. It is this ostensible anomaly that led to conflicting results below.

Insurance serves to distribute risk of economic loss among a large group by having each member pay a premium into a general fund. The premium reflects the actuaries' estimate of the fund's exposure to liability under the insured's policy. 1 G. Couch, Insurance §§ 1:6, 1:9 (3d ed. 1995). Because it is generally true that an insured's ownership of two automobiles increases the risk of loss, a higher premium is charged for an additional automobile. The calculation of the premium does not depend on the particular habits of the insured. Thus, the defendant's pattern of using one automobile at a time in this case was irrelevant to measuring the risk of loss. The premium reflects the risk of loss. *Id.*

The defendant failed to disclose his ownership of a second automobile. The uncontroverted evidence shows that the premium would have increased had the plaintiff known this fact. Any misrepresentation which would influence the premium is regarded as material. *Employers' Liab. Assur. Corp.* v. *Vella, supra* at 655. Thus, we conclude that a material misrepresentation exists, which permits the insurer to void the policy under G. L. c. 175, § 186.

*Judgment of the Superior Court affirmed.*