Robert TESTA

v.

**NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE COMPANY.**

**No. 99–243–Appeal.**

Supreme Court of Rhode Island.

Jan. 8, 2001.

**120**

Dean J. Wagner, Providence, Michael E. Sendley, Coventry, for Plaintiff.

Mark A. McCormack, Quincy, MA, Christopher L. Russo, Cranston, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on December 4, 2000, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. The Norfolk and Dedham Mutual Fire Insurance Company (Norfolk and Dedham) has appealed from a Superior Court judgment in favor of the plaintiff, Robert Testa (Testa), in the amount of $19,321.42, including interest. After reviewing the memoranda submitted by the parties and hearing the arguments presented by counsel for both parties, we are of the opinion that cause has not been shown, and hence we proceed to decide the issue at this time.

In December 1988, while Testa was living in Brookline, Massachusetts, he applied for automobile insurance and was issued a policy by Royal Insurance Company of America (Royal) for "full coverage," including theft. At the time, Testa was employed by the Pawtucket Police Department in Rhode Island. Depending on his work schedule, Testa spent occasional nights at his mother's house in Pawtucket and in subsequent years, at his girlfriend's apartment in Central Falls, Rhode Island. In 1989, Testa moved to Mendon, Massachusetts, and informed Royal of his change in residence, after which the policy was amended accordingly. In 1991, Testa received an insurance premium bill from Norfolk and Dedham and learned, after inquiry, that his policy had been transferred to that company because Royal no longer insured Massachusetts passenger vehicles. Testa was not asked or required to submit a new application, and he continued to pay the premiums to Norfolk and Dedham. On October 14, 1992, while the policy was in effect, Testa's car was stolen from Wickenden Street in Providence, Rhode Island, and never was recovered. In July 1993, Norfolk and Dedham denied Testa's claim for the loss of his car, ultimately claiming that Testa had made material misrepresentations that his car was principally garaged in Massachusetts when, for a greater estimated percentage of time, the car was actually parked in Rhode Island. In June 1994, Testa filed a complaint in Superior Court, and after a three-day trial, the trial justice rendered a decision in favor of Testa and awarded damages of $11,000 for the loss of his car, $8,321.42 in pre-judgment interest, and costs.

In his decision, the trial justice ruled that the applicable law in this case was that of the Commonwealth of Massachusetts, specifically Mass.Gen.Laws Ann. ch. 175, § 186 (West 1998), which states:

"No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation

or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss."

The trial justice cited *Barnstable County Insurance Co. v. Gale*, 425 Mass. 126, 680 N.E.2d 42, 44 (1997), in which the Supreme Judicial Court of Massachusetts explained that, "[f]or purposes of G.L. c. 175, § 186, a fact is deemed material if it influences the premium." The trial justice in the present case acknowledged that, if the car had been principally garaged in Pawtucket or Central Falls, the premium would have been $244 higher than if it had been principally garaged in Mendon; moreover, if Testa had made a misrepresentation about this issue, under G.L. c. 175, § 186, it would have been material and thereby defeated the policy because the risk of loss would have increased. The trial justice then made specific findings of fact regarding Testa's representation of where his car was principally garaged at the time the policy was issued.

■ This Court's standard for reviewing the findings of fact of a trial justice, sitting without a jury, is well established. Upon review, such findings "will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I.1997) (citing *Rego Displays, Inc. v. Fournier*, 119 R.I. 469, 472–73, 379 A.2d 1098, 1100–01 (1977)). Under Massachusetts law, whether misrepresentations by an insured are material and hence sufficient to avoid a policy, is generally a question of fact on which the insurer bears the burden of proof. *Pahigian v. Manufacturer's Life Insurance Co.*, 349 Mass. 78, 206 N.E.2d 660, 665 (1965).

■ In the case before us, the trial justice properly determined that Testa made no representation of any kind to Norfolk and Dedham about the garaging of his car.

Our review of the record in this case reveals that Norfolk and Dedham's own witness explained that Testa became insured with the company as part of a "book transfer of business" from Royal. As part of this transaction, Norfolk and Dedham "accept[ed] the dec[laration] page from the previous carriage policy as the application." The original application for insurance coverage by Royal did not address the issue of where the car was principally garaged, and the court found that no such inquiry was made of him. The trial justice found that the declarations page of the last Royal policy issued to Testa did not constitute an application by Testa and, furthermore, that Norfolk and Dedham merely made an assumption that the residential address supplied by Testa constituted the principal place where the car was garaged. Moreover, the trial justice found that there was no evidence to support a conclusion that Testa gave any false information about the principal place of garaging, and the record reveals that he was never asked about this issue.

Therefore, we conclude that the findings of the trial justice were not clearly wrong, and consequently we deny and dismiss this appeal and affirm the judgment of the Superior Court, to which the papers in this case may be returned.