Coven, J.
The sole issue presented in this Dist/Mun. Cts. R A D. A, Rule 8B, appeal by the plaintiff is whether the trial judge erred in reducing the plaintiff’s motor vehicle tort recovery by $2,000.00 in Personal Injury Protection (“PIP”) benefits despite evidence that her insurer refused to pay those benefits.
After a jury verdict was returned in the plaintiffs favor for $5,000.00, the defendant immediately presented the trial judge with a motion to reduce the amount of the recovery by $2,000.00, the amount of the PIP benefits the defendant believed that the plaintiff was entitled to under G.L.c. 90, §34M. In opposition to the defen- *7 danf s motion, the plaintiff introduced a letter to her attorney from her insurer, Commerce Insurance Company (“Commerce”), in which Commerce declined to honor the automobile liability policy it had issued to the plaintiff, which provided for the PIP benefits in question. As grounds therefor, Commerce relied on a misrepresentation made by the plaintiff in her application for insurance and on the non-cooperation embodied in the misrepresentation. It is undisputed that the plaintiff in feet misrepresented the actual date on which she was first licensed to operate a motor vehicle. Commerce asserted that the misrepresentation resulted in the plaintiff obtaining a reduced premium rate of more than $1,000.00. Commerce argued that the misrepresentation was thus a breach of the policy sufficient for it to avoid coverage under either the general exclusion provision, which allows insurers to refuse payment where misrepresentations reduce premium rates, or the provision permitting the insurer to deny a claim based upon an insured’s failure to cooperate.
The trial judge amended the defendant’s motion by substituting the request for a reduction in the jury verdict by the amount of PIP benefits “received” to the amount “which would have been available but for an alleged breach of the policy claimed by the PIP carrier.”[1] In allowing the amended motion, the trial judge noted that “[t]he $2,000.00 [was] either (a) recoverable by the plaintiff from her PIP carrier or (b) not [recoverable] by virtue of a breach by her of her policy.”
The plaintiff’s argument is simple and straightforward. She contends that G.L.c. 90, §34M expressly provides that “benefits due and payable under ... [PIP] benefits ... are granted in lieu of damages otherwise recoverable by the injured person ... in tort;” that Commerce has made it clear that it will not pay PIP benefits to her; that no benefits are thus “due and payable” and that she is not precluded, therefore, from recovery in tort. The plaintiff’s argument is insufficient because it does not address the G.L.c. 90, §34M language which follows in the next paragraph. The statute qualifies the above quoted language with the following;
[e]very owner... of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort... is hereby made exempt from tort liability ... to the extent that the injured party is, or would be had he or someone for him not purchased a deductible authorized ... entitled to recover under those provisions of a motor vehicle liability policy... that provides personal injury protection benefits...
Both the defendant and the plaintiff must be entitled to PIP benefits if the tort exemption is to apply to the defendant Therefore, before determining what is “due and payable,” it is necessary to first examine the plaintiffs “entitlement” to PIP benefits.
Based on the information presented to the trial judge and included in the “Agreed Statement” record before us on this Rule 8B appeal, there is no question that Commerce had the right to deny the plaintiff PIP benefits on the basis of her misrepresentation. Whenever an insurer would have received a premium greater than that received because of a misrepresentation, the policy of insurance may be voided. Barnstable County Ins. Co. v. Gale, 425 Mass. 126, 128 (1997). G.L.c. 175, §186.[2] In Barnstable County Ins. Co., the Supreme Judicial *8 Court held that as a matter of law, the plaintiff insurer was entitled to void the umbrella automobile policy it had issued because it would have received an additional thirty dollar premium had the insured informed it of the existence of an additional motor vehicle. As the Court stated, “[a]ny misrepresentation which would influence the premium is regarded as material’' under G.L.c. 175, §186 and entitles the insurer to avoid the policy. Id. at 128. Similarly, in Hanover Ins. Co. v. Leeds, 42 Mass. App. Ct. 54 (1997), the Appeals Court upheld an award of summary judgment in favor of the insurer where the insured had misrepresented the place of garaging of the insured motor vehicle and the misrepresentation affected the premium charged. Thus in this case, the plaintiff’s insurance policy was voidable by Commerce because the plaintiff’s misrepresentation affected the premium she was charged. Because Commerce elected to void the policy, the plaintiff was not entitled to PIP benefits.
The question then becomes the effect that the plaintiff’s misrepresentation and consequent denial of PIP benefits had on the defendanf s statutory tort exemption. In one instance, G.L.c. 90, §34M provides for the continuation of the tortfeasor exemption where PIP benefits are denied. Section 34M states that where PIP benefits are denied because of the insured’s noncooperation, the “failure of an insurer to pay benefits in the event of such noncooperation shall not in any way affect the exemption from tort liability.” It is upon this provision for the continuation of the tort exemption after PIP benefits have been denied for noncooperation that the defendant bases his argument that file trial judge correctly reduced the plaintiff’s jury verdict by $2,000.00. The defendant contends that putting aside the issue of misrepresentation, it is clear that Commerce also declined to make PIP payments because of the plaintiff’s noncooperation and that the quoted section of §34M preserves the defendanf s tort exemption in such circumstances.
The validity of the defendants argument depends on whether there exists a difference between misrepresentation under G.L.c. 175, §186 and the noncooperation spoken of in §34M. Misrepresentation affects the very existence of any obligation. See Barnstable County Ins. Co. v. Gale, supra at 128-129; Hanover Ins. Co. v. Leeds, supra at 57. Misrepresentation extinguishes the contract of insurance. Conversely, noncooperation admits of an obligation, but conditions the fulfillment of that obligation on the cooperative participation of the insured with the insurer. See, e.g., Hodnett v. Arbella Mut. Ins. Co., 1996 Mass. App. Div. 131 (PIP benefits denied where claimant failed to submit to an independent medical examination). Noncooperation neither avoids the policy, nor removes the exemption from tort liability. The difference is clear.
We find the flaw in the defendanf s argument to be in the differences. Whether sufficient evidence of noncooperation was available in this case is immaterial to the outcome of this appeal. Even if Commerce’s denial of coverage was grounded in evidence aside from the misrepresentation about license history, it was still entitled as a matter of law to void the policy because of the misrepresentation and the resulting reduction in the premium it would otherwise have charged the plaintiff. That is to say, under a void policy the issue of noncooperation, which is dependent upon the existence of the policy, is rendered moot
The Legislature has given comprehensive thought to the arrangement and coordination of no-fault insurance benefits. See Pinnick v. Cleary, 360 Mass. 1, 5-10 (1971). As we have noted, it has articulated when and under what condition a defendanf s tort exemption shall continue notwithstanding the denial of PIP benefits that were otherwise available to an injured party. Avoidance of a policy, pursuant to G.Lc. 175, §186, because of misrepresentation is not expressed in G.L.c. 90, §34M as a condition under which tort exemption shall continue.
We do not ignore the result produced upon an insurer. If noncooperation is the only theory for declining benefits to a plaintiff, a defendant would not need to pay *9 the benefits. In the case of noncooperation, a defendant would remain protected with a §34M tort exemption. On the other hand, if misrepresentation is the basis for an insurer’s avoidance of the plaintiffs policy, a defendant is not entitled to the statutory exemption and is liable.
While it may at first appear that misrepresentation is, in degree, far more serious than noncooperation and that a plaintiffs ability to recover damages should be equally compromised, the ultimate result upon an insurer, by virtue of misrepresentation and the abrogation of the tort exemption, is a nullity. That is because if the plaintiff had not made material misrepresentations, she would be able (putting aside any issue of noncooperation) to collect from her own insurer, and the plaintiffs insurer would be able to make a claim against the defendanfs insurer under §34M.[3] With tort exemption in force, a plaintiff who had received PIP benefits from her own insurer would see any recovery she obtained against a tortfeasor in a civil action reduced by the amount of PIP benefits paid to her. But the tortfea-sor’s insurer would remain potentially liable to the plaintiffs insurer. Applying these principles to the present case, the plaintiff’s misrepresentation resulted in the defendanfs insurer paying the $2,000.00 because the defendant was not exempt under §34M. But the same would have been true if there had been no misrepresentation and the plaintiffs insurer initially paid the $2,000.00 in PIP benefits to the plaintiff. The plaintiff’s insurer would then seek recovery of those benefits from the defendanfs insurer. Thus the defendanfs insurer’s exposure to liability is the same as that insurer would either pay the $2,000.00 directly to the plaintiff in satisfaction of a judgment against its insured, or would pay the plaintiffs insurer in a subsequent action by the latter to enforce its subrogation rights. If the results are to be different, the changes are to be made by the Legislature.
In summary, because of the plaintiffs misrepresentation, her automobile policy was properly avoided by Commerce and the effect of her noncooperation rendered moot The defendant was not entitled to a §34M reduction in the judgment against him. Accordingly, the judgment for the plaintiff in the principal amount of $3,000.00 is hereby vacated, the allowance of the defendanfs motion for a reduction of the jury verdict is reversed, and judgment shall be entered for the plaintiff in the amount of $5,000.00, plus costs and interest.
So ordered.

 There is no indication in the record as to who initiated the amendment of the dpfendanf s motion or of any objection by either party.

 Section 186 provides: “No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.”

 The statute provides, in relevant part, that any insurer “is given the right to make claim for all expenses... against any other insurer... whose owner or operator would, except for the exemption of tort liability... he liable for such damages in tort”