MacLeod-Mancuso, Bonnie H., J.

BACKGROUND

This civil action concerns a motor vehicle accident that occurred on June 19, 1998 in Cambridge, Massachusetts in which an automobile owned and operated by the plaintiff, Kenneth Fontaine (“Fontaine”), was struck by another vehicle. Fontaine eventually settled his personal injury claim with the other operator’s insurer for the policy limits of $20,000. At issue here is the denial by the defendant, Commerce Insurance Company (“Commerce”), of Fontaine’s claim for underinsured motorist benefits under his own policy with Commerce. Commerce based its denial of coverage on Fontaine’s alleged misrepresentations as to where he resided and garaged his vehicle. The case was tried without a jury on that single issue. Based upon the credible evidence and the reasonable inferences I draw therefrom, I make the following findings and rulings.

Findings of Fact

The plaintiff Fontaine was insured by Commerce for a number of years prior to the June 1998 accident that is the subject of these proceedings. During those years, his insurance premiums were paid by his mother, who lived at 108 Alexander Avenue in Belmont, which had been the plaintiffs place of residence at one time, and a home to which he intermittently returned.
In October 1995, Fontaine was involved in an accident in Belmont. Following an investigation, on December 7, 1995. Commerce paid the claim, while informing Fontaine of the results of its investigation and cautioning him as follows:
Please be advised we have investigated the principal place of garaging for the vehicle involved in this loss. It is our feeling your policy should reflect a Somer-ville garaging.
In the event you have other claims, please understand, your Optional Coverages may be denied according to the following policy language:
18. False Information
If you or someone on your behalf gives us false, deceptive, misleading or incomplete information in any application and if such . . . information increases our risk of loss, we may refuse to pay claims under any or all of the Optional Insurance Parts of this policy. Such information includes the description and the place of garaging of the vehicles to be insured . . . (Emphasis in original.)
Despite the plaintiffs contention that he “never 100% left [his parents’ home in] Belmont, and ’’always maintained a room there," the overwhelming credible evidence leaves no doubt that, throughout the pertinent period, the plaintiff s principal place of residence and the principal place for garaging the insured vehicle were both at 21 Aldersey Street in Somerville, where he maintained an apartment for a period of at least eight years.
Numerous facts establish the fact that the plaintiff treated the Somerville address as his home and was the place where he garaged his automobile during the relevant time frame: (1) When the plaintiff first applied for employment with Verizon in July 1997, he identified his residence as 21 Aldersey Street, Somerville, and he continued to so represent his address throughout the balance of the 1990s; (2) throughout 1998, the plaintiffs maintained an address of 21 Aldersey Street, Somerville with the Massachusetts Registry of Motor Vehicles, and his license reflected that address as well; (3) as of 1998, the title for the plaintiffs motor vehicle bore the Somerville address; (4) throughout 1998, the telephone for the residence at 21 Aldersey Street, Somerville was listed in the plaintiffs name; (5) throughout 1998, the plaintiff received mail at 21 Aldersey Street, Somerville; (6) based on information provided by the plaintiff, throughout 1998, his credit card providers all listed his address as 21 Aldersey Street, Somerville.
Were these facts alone arguably not sufficient, even more persuasive is the plaintiffs own actions following his accident on June 19, 1998: (1) On the accident report that he filled out and signed on June 21, 1998, the plaintiff reported his address as 21 Aldersey Street, Somerville; (2) on the day of the accident, the plaintiff represented to the staff at Cambridge Hospital that both he and Karen Levitt (his then girlfriend, later his wife) lived at the 21 Aldersey Street, Somerville address; (3) the medical records of the Belmont Medical Associates from June 1998 reflect that the plaintiff gave an address of 21 Aldersey Street, Somerville; and (4) during his treatment with Dr. Leonard Miller from June 1998 through January 1999, the plaintiff represented his address as 21 Aldersey Street, Somerville. All of these facts demonstrate that Commerce’s “sus *337 picions” regarding the plaintiffs address at the time of his accident in 1995 were very well founded and amply supported by the circumstances that existed at the time of the June 1998 accident. Under the legal equivalent of the adage “once burned, twice shy,” Commerce was well justified in raising legitimate questions about whether the plaintiff had misrepresented his residence.
As a result of the plaintiffs representation that he lived in Belmont, rather than Somerville where I find he actually lived, the plaintiffs premium was $694 less than it would have been had the true facts been known by Commerce.

Rulings of Law

“Statements made in an application for insurance are in the nature of continuing representations and speak from the time the applications accepted or the policy is issued.” Ayers v. Massachusetts Blue Cross, Inc., 4 Mass.App.Ct. 530, 536 (1976), quoting from Gabbett v. Connecticut Gen. Life Ins. Co., 303 Mass. 433, 435 (1939). Assuming that the plaintiff actually was living at the Belmont address when the policy was originally issued, he had a continuing obligation to assure the accuracy of the statements in the application. Indeed, he was explicitly reminded of this obligation in the pointed language of the letter from Commerce in December 1995.
General Laws c. 175, §186, provides:
No oral or written misrepresentation or warranty made in the negotiation of a policy of insurance by the insured or in his behalf shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter misrepresented or made a warranty increased the risk of loss.
(Emphasis added.)
The Supreme Judicial Court has held that “[for purposes of G.L.c. 175, §186, a fact is deemed material if it influences the premium.” Barnstable County Insurance Company v. Gale, 425 Mass. 126, 128 (1997). In the instant case, since the plaintiffs misrepresentation as to the garaging of his vehicle influenced the calculation of the rate of the insurance premium based upon an increased risk of loss to the insurer, it was material. See Hanover Ins. Co. v. Leeds, 42 Mass.App.Ct. 54, 59-60 (1997). In light of the plaintiffs material misrepresentation, which resulted in his paying $694 less than he should have in 1998 alone, the defendant was entitled to void the insurance policy and deny coverage.

Order for Judgment

Judgment is to enter for the defendant on the plaintiffs claims.